**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5234

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD JOHN BEACH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-02-260)

Submitted: August 21, 2006          Decided: August 30, 2006

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Kimlani S. Murray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward John Beach appeals his convictions for (1) conspiracy to manufacture methamphetamine, (2) conspiracy to possess with intent to distribute methamphetamine, and (3) the manufacture of methamphetamine in violation of 21 U.S.C.A. §§ 841 and 846 (West 1999). Beach argues that several of the district court's evidentiary rulings undermine confidence in the jury's verdict and require us to vacate his conviction. Beach also argues that the district court's constructive amendment of the grand jury indictment requires us to vacate his conviction. For the following reasons, we affirm.

I.

On November 15, 2002, the Charlotte-Mecklenburg Police Department responded to a domestic disturbance at 10486 Moores Chapel Road, Charlotte, North Carolina. Upon their arrival at the scene, Margaret Alice Schaal informed the police that Beach had hit her and that Beach operated a methamphetamine lab inside their home. After observing the methamphetamine lab, the officers exited the home and called for additional assistance. Due to the explosive and dangerous nature of methamphetamine production, Agent Hetzel, a narcotics officer specializing in clandestine laboratories, was called to the scene. Agent Hetzel donned protective gear and secured the home, so that chemists could enter

2

it and assess the lab. Chemists with the North Carolina State Bureau of Investigation confirmed that the lab was indeed a methamphetamine lab.

Schaal was arrested and cooperated with the police. She informed the police that she helped Beach make methamphetamine and that Jason Lewis also assisted in the production and distribution of the methamphetamine. Beach was arrested on April 25, 2003 and subsequently charged with the two offenses forming the basis of this appeal. Schaal and Lewis were also indicted for the methamphetamine conspiracy and Schaal, like Beach, was also indicted on the manufacturing charge. Lewis and Schaal pleaded guilty and testified at trial against Beach. A jury convicted Beach on both counts and the district court sentenced Beach to 188 months' imprisonment, a sentence below the recommended sentencing guidelines range. Beach timely appealed his conviction only, and we have jurisdiction to review his conviction pursuant to 28 U.S.C.A. § 1291 (West 1993).


II.

We first address Beach's challenges to the district court's evidentiary rulings. We review for abuse of discretion a district court's evidentiary rulings. See United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006).

3

Beach first contends that the district court erred by allowing the officer who responded to the domestic disturbance call to testify that he was called to the Schaal/Beach residence on November 15, 2002 for domestic disturbance, arguing that such statements were hearsay evidence and were highly prejudicial. We find no error in the district court's admission of this evidence. The evidence was not hearsay evidence because it was not offered for the truth of the matter asserted, but instead was offered to provide relevant background evidence as to why the officers visited the Schaal/Beach house on that day. See United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985). Furthermore, given the wide discretion provided to district courts, we find no error in the district court's conclusion that the probative value, as it provided an explanation for the officers' presence at the Schaal/Beach home, was not substantially outweighed by any prejudice to Beach. See Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.")

Beach next contends that the district court erred by allowing Agent Hetzel to testify to the dangers presented by a methamphetamine lab and by showing the jury pictures of the agents in "moon-walker" protective gear. (Appellant's Br. at 48.) Beach contends that such evidence was irrelevant to the charges and

4

highly prejudicial. We find no error in the district court's admission of this evidence. To be admissible as background evidence, the testimony and pictures must satisfy the requirement of Rule 401 of the Federal Rules of Evidence that the evidence "make the existence of any fact that is of consequence . . . more probable or less probable." Fed. R. Evid. 401. Agent Hetzel's testimony and the pictures demonstrated that a methamphetamine lab existed in the Schaal/Beach home, thus making it more probable that Beach had violated § 841. We also hold that the probative value of the pictures and Agent Hetzel's testimony outweigh any prejudice suffered by Beach. See United States v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998)(upholding the admission of evidence of a shooting where defendant was charged with drug and weapons possession because the shootings tended to suggest that defendant had a weapon, thus establishing an element of the crime and outweighing any prejudice suffered).

Beach's third argument is that the district court erred in allowing Schaal to testify that Beach had been "captured," (J.A. at 370), because "[t]here was no relevance to [this testimony] and it served only to convey the idea that [Beach] is not only presumed guilty but is dangerous." (Appellant's Br. at 49.) Even assuming for argument's sake that such evidence is irrelevant, the admission of such evidence does not constitute reversible error because the testimony in no way implies that Beach was dangerous.

5

Fourth, Beach alleges that the prosecution engaged in improper bolstering of Schaal's testimony during closing argument and that the district court erred by admitting evidence that the prosecution had not made any promises of leniency to Schaal in exchange for her testimony. We disagree. A prosecutor engages in improper vouching when he indicates his personal belief in the witness or indicates to the jury that he can guarantee the truthfulness of a witness. See United States v. Collins, 415 F.3d 304, 307-8 (4th Cir. 2005). Having reviewed the record, we find that the prosecutor did not vouch for Schaal's credibility. For example, the prosecutor merely told the jury that just because Schaal had entered into a plea agreement did not "disqualify [her] from testifying," but that "it's just up to you to listen to [her] and decide for yourself." (J.A. at 456.) Furthermore, the district court did not err by allowing the prosecution to question Schaal as to whether she had been offered anything in return for her testimony. See United States v. Henderson, 717 F.2d 135, 138 (4th Cir. 1983)(holding that the "district court did not abuse its discretion in permitting the government to introduce the terms of [a] plea bargain during the government's case in chief").

Fifth, Beach contends that his due process rights were violated because the police lost some of the seized evidence and the prosecution then introduced photographs of the missing evidence. Beach also argues that the introduction of the

6

photographs violated his Sixth Amendment confrontation rights as delineated under Crawford v. Washington, 541 U.S. 36 (2004). In Arizona v. Youngblood, 488 U.S. 51 (1988), the Supreme Court held that "where a defendant can show bad faith, the failure to preserve potentially useful evidence constitutes a violation of the Due Process Clause." Lovitt v. True, 403 F.3d 171, 186 (4th Cir. 2005)(internal quotation marks omitted). Because Beach cannot demonstrate any bad faith on the part of the government, his due process claim fails. In addition, in Crawford the Supreme Court held that "[the Confrontation Clause] bars admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Davis v. Washington, 126 S. Ct. 2266, 2273 (2006)(internal quotation marks omitted). Beach has failed to demonstrate how photographs of seized evidence could conceivably constitute the "testimonial" statements that Crawford bars.

In Beach's final evidentiary argument, he contends that the district court erred by preventing him from cross-examining Schaal about her malingering at a mental institution and her marijuana usage. Even assuming for argument's sake that the district court should have permitted Beach to use the medical report produced from Schaal's institutionalization, any such error would be harmless. Although the district court refused to allow Beach to ask Schaal

7

about the contents of the report, the district court allowed Beach to ask Schaal whether she was initially deemed incompetent to stand trial, a question she answered in the affirmative, and whether she was malingering while at the institution, a question she answered in the negative. While the report would have allowed Beach to impeach Schaal on this issue, the impeachment would have been on an issue that was so tangential to the prosecution's case that it would have had little effect on Schaal's overall credibility. The same analysis applies to the district court's ruling prohibiting Beach from asking Schaal whether she tested positive for marijuana while on pre-trial release and whether she had a prior misdemeanor conviction for marijuana. At trial, Beach asked Schaal about her marijuana usage and she replied, "I smoked it all the time." (J.A. at 384.) Schaal also testified that she used some of the methamphetamine made by Beach. Again, any impeachment value gained from eliciting a statement from Schaal that she used marijuana while on pre-trial release or had a prior misdemeanor conviction would be only cumulative considering her testimony regarding her drug usage.

Beach also contends that "[e]ven if each of the particular errors above described was harmless or non-reversible, the cumulative effect requires a new trial." (Appellant's Br. at 58.) We disagree. The evidence against Beach was overwhelming. It was undisputed that Beach resided where the methamphetamine lab was

8

discovered. Furthermore, Schaal and Lewis testified that Beach was engaged in the manufacture of methamphetamine. Lewis testified in detail how he met Beach at work and how Beach agreed to purchase ephedrine packages for the manufacture of methamphetamine to earn some extra money. In fact, Lewis testified that Beach provided him fifty packages a week. Lewis further testified that he and Beach together cooked the methamphetamine on a few occasions. Schaal testified consistent with Lewis. In summary, we find no reversible error in the district court's evidentiary rulings.

## III.

We next address Beach's argument that the expansion of the charges beyond what the grand jury charged constituted per se reversible error. We review de novo an allegation that the district court improperly permitted a constructive amendment to a grand jury indictment. United States v. Bolden, 325 F.3d 471, 493 (4th Cir. 2003).

"'A constructive amendment to an indictment occurs when either the government, [the court], or both, broadens the possible bases for conviction beyond those presented by the grand jury.'" Id. (quoting United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994)). The original indictment provided in Count One that Beach was involved in a conspiracy involving at least 500 grams of a mixture or substance containing a detectable amount of

9

methamphetamine. In addition, and presumably because the government was concerned about the affect of <u>United States v. Blakely</u>, 542 U.S. 296 (2005), on the constitutionality of the United States Sentencing Guidelines, Count One further stated that the amount reasonably foreseeable to Beach was at least 200 grams, but less than 350 grams. At trial, the district court granted the prosecution's motion to redact the amount of methamphetamine reasonably foreseeable to Beach because, after <u>United States v. Booker</u>, 543 U.S. 220 (2005), it became clear that the Sixth Amendment did not require that amount to be proven to a jury. Beach alleges that the indictment was broadened when the district court granted the prosecution's motion to redact. We find that the district court did not broaden the indictment. The jury found that the conspiracy involved at least 500 grams of methamphetamine, but the jury did not make a specific finding as to the amount of methamphetamine reasonably foreseeable to Beach. Thus, the jury's verdict and the grand jury indictment are consistent with each other. Although the indictment was amended, it did not broaden the basis for conviction.

IV.

In summary, we affirm Beach's conviction because the district court did not commit any reversible errors in its evidentiary rulings, nor did the district court improperly broaden the charges

beyond the grand jury indictment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED